UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
------------------------------------------------------------- x
LEONARD PELTIER,

                 Plaintiff

       -against-

UNITED STATES BUREAU OF PRISONS;
UNITED STATES PAROLE COMMISSION,

                 Defendants.

)    3: 07-CV-0416

)    (Kosik, J.)

)    (Blewitt, M.J.)

)    ECF CASE

)

-------------------------------------------------------------x

## BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**I.    DEFENDANTS' ATTEMPT TO CONSTRUE PLAINTIFF'S BIVENS ACTION AS A PETITION FOR A WRIT OF HABEAS CORPUS SHOULD BE REJECTED**

*"[T]hat a prisoner's success in the litigation might increase the chance for early release does not, in itself, transform the action into one for habeas corpus."*
-- Georgevich v. Strauss, 772 F.2d 1078, 1087 (3rd Cir. 1985)

Defendants, citing Preiser v. Rodriguez, 411 U.S. 475 (1973), contend that Plaintiff's complaint is actually a petition for a writ of habeas corpus and his "claims are not properly raised in this civil rights action." (Def. Mem. at 9).

Defendants are wrong. "[T]here is often a 'fine' distinction between § 1983 challenges and habeas petitions brought by prisoners, and under certain circumstances, as the Third Circuit has recognized, 'there is an overlap in the factual and legal issues inherent in the § 1983 and habeas corpus actions[.]" <u>Wolfe v. Pennsylvania Department of Corrections</u>, 334 F. Supp. 2d 762, 768 (E.D.Pa. 2004) <u>citing</u> <u>Georgevich v. Strauss</u>, 772 F.2d 1078, 1097 (3rd Cir. 1985).

In <u>Preiser</u>, the plaintiffs were seeking restoration of good-time credits, "a remedy [that] would result in their <u>immediate</u> release from physical custody." <u>Wolfe</u>, 334 F. Supp. 2d at 768 (discussing <u>Preiser</u>)(emphasis in original). As such, the Court found that the inmates were alleging illegal physical confinement, improperly raised in a § 1983 action. In this action, however, granting Plaintiff's claim would not result in his "<u>immediate</u> release from physical custody." <u>Id</u>. Plaintiff is challenging Defendants' improper method of calculating mandatory release dates pursuant to 18 U.S.C. § 4206, and Defendants' "arbitrary and capricious refusal" to honor Plaintiff's rights "without notice or opportunity to be heard." <u>See</u> Compl. at ¶¶ 1, 21, 27. Plaintiff seeks only prospective injunctive relief requiring Defendants to, in future decision-making, properly calculate Plaintiff's mandatory release dates pursuant to the governing statutes. This is not tantamount to "immediate release" under <u>Presiser</u> and is properly raised in a <u>Bivens</u> action.

2

The plain language of 18 U.S.C. § 4206(d) (hereinafter, "§ 4206") is neither automatic nor immediate in application. The statute qualifies "mandatory release" by stating that regardless of the calculation of the release date, "the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules or regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime." 18 U.S.C. § 4206(d). If Leonard Peltier were to be granted the relief sought—a proper procedural adherence to the statutory method of calculating mandatory release dates—it is not at all certain that such calculation would result in Plaintiff's immediate release from physical custody.[1] The Parole Commission would be faced with discretionary decisions regarding Plaintiff's release. Those decisions, however, will never be brought to the Commission unless Defendants adhere to the mandate of § 4206. Plaintiff's challenge, therefore, is not one for immediate release from confinement, but is more properly considered a challenge to a continuing condition of his confinement and is appropriately raised as a Bivens action in the instant case. See Melvin v. Nickolopoulos, 864 F.2d 301, 303 (3rd Cir. 1989)(discussing Georgevich v. Strauss where prisoners challenged parole procedures applicable to certain inmates and "[t]he court held that because plaintiffs were seeking fair decisionmaking procedures, rather than release, the action was a § 1983 claim").

---

[1] It should be noted that Plaintiff was convicted of escaping from prison. See United States v. Peltier, 693 F.2d 96 (9th Cir. 1982).

As in <u>Wright v. Cuyler</u>, 624 F.2d 455 (3rd Cir. 1980), where an inmate challenged the denial of his application for the home furlough program on grounds that it was arbitrary and capricious, Plaintiff is "challenging the '<u>manner</u> by which the prison authorities reach their decision and not the <u>outcome</u> of their decision.'" <u>Melvin</u>, 864 F.2d at 303 (discussing <u>Wright</u>). Victory in this case, as in <u>Neal v. Shimoda</u> will result in "a ticket to get [Plaintiff] in the door of the parole board" in order for the Board to consider whether he qualifies for mandatory release. <u>Neal v. Shimoda</u>, 141 F.3d 818, 824 (9th Cir. 1997).[2] "The Parole board will still have the authority to deny [Plaintiff's]…request[] for parole on the basis of any of the grounds presently available" under § 4206(d). <u>Shimoda</u>, 141 F.3d at 824 <u>cited with approval Leamer v. Fauver</u>, 288 F.3d 532, 543 (3rd Cir. 2002).

"Because release [i]s not preordained, [as] the Third Circuit held [in <u>Leamer</u>, 228 F.3d at 543]…the claims [a]re properly raised as a § 1983 action." <u>Wolfe</u>, 334 F. Supp. 2d at 769. Judgment for Plaintiff in this case "would 'not intrude upon or divest the prison administration of its ultimate discretion to grant or deny' parole. <u>Melvin</u>, 864 F.2d at 304 (discussing <u>Wright</u>). While success on the merits in the instant case may increase Plaintiff's chance of release, it does not require it. The mere "fact that a prisoner's success in the litigation might increase

---

[2] Pursuant to the statute, the Board is required to assess whether there is "a reasonable probability that he will commit any Federal, State, or local crime" and whether he has "seriously or frequently violated institutional rules and regulations" prior to granting mandatory release. 18 U.S.C. § 4206(d).

the chance for early release does not, in itself, transform the action into one for habeas corpus." Leamer, 288 F. 3d at 543. See also Georgevich, 772 F.2d at 1087 ("the fact that a prisoner's success in the litigation might increase the chance for early release does not, in itself, transform the action into one for habeas corpus").

## II. DEFENDANTS UNSUPPORTED ASSERTION OF CLAIM PRECLUSION MUST BE REJECTED.

Defendants erroneously cite to other cases involving Leonard Peltier, claiming that "the same flawed legal theories presented in the complaint in this case" were ruled on in those cases. (Def. Mem. at 4). Defendants urge the Court to "determime[] that the claims raised in Peltier's complaint have already been litigated and decided on the merits in other federal actions (see attached decisions)," (Def. Mem. at 11), however Defendants offer no arguments to illuminate how the attached federal actions bear any preclusive relationship to the present action. They merely staple to their motion a few unrelated decisions that in no way discuss the claim in this case.

Plaintiff urges the Court to reject Defendants' invitation to craft a claim preclusion argument on their behalf. While Defendants' assertion lacks explanation or analysis, a review of the "attached decisions" makes it manifestly clear that application of the claim preclusion doctrine is wholly improper. The first decision attached, Von Kahl, et al. v. United States, 04-3418 (D. Kansas 2006),

dealt with the application of the Sentencing Reform Act to "old law" prisoners. Defendants state that the <u>Von Kahl</u> court ruled "on the same flawed legal theories presented in the complaint in this case." (Def. Mem. at 4). Defendants make this assertion without a single citation to the <u>Von Kahl</u> decision identifying where the court dealt with the allegedly "same" issue as that presented here. Defendants cannot support this bald allegation because the <u>Von Kahl</u> decision had nothing to do with Defendants' arbitrary and capricious application of § 4206.

The second decision attached, <u>Peltier v. United States Parole Commission</u>, 04-1529 (D.D.C. 2004) is an opinion that construed a filing as a petition for a writ of habeas corpus and transferred the matter to the District of Kansas.[3] It is inconceivable, and frivolous to argue, that a procedural decision transferring a matter to another court has any preclusive effect on the instant action.

The final decision attached by Defendants, to support its claim of preclusion, is <u>Peltier v. Booker, Jr.</u>, 99-3194 (D.Kansas 2002). In that action, plaintiff sought relief contending that: "(1) the denial of parole is erroneous and arbitrary and capricious because the information upon which the Commission relies is contradicted by the government's admission that it cannot establish the identity of the person who shot the two agents; 2) the Commission's decision to conduct a fifteen-year reconsideration hearing is based on incorrect information and

---

[3] It should be noted that this decision is not a final judgment on the merits and therefore cannot serve as the basis for claim preclusion.

discriminatory factors, and therefore is unlawful; (3) the application by the Commission of rules and regulations revised after petitioner's conviction violated ex post facto principles; and (4) the Commission's failure to grant parole in light of petitioner's medical condition constitutes arbitrary and capricious action and cruel and unusual punishment." Id., at p. 6. Nowhere was it raised, nor was it the necessary or proper lawsuit in which to raise, the instant claims regarding arbitrary and capricious application of § 4206. Despite Defendant's incantation of judicial efficiency, the interests of efficiency would not be served by requiring plaintiffs to assert all claims, however unrelated and distinct, at once. This would only increase litigation of matters that, perhaps, would otherwise be forgiven or forgotten.

The Third Circuit has held that "[f]or claim preclusion to apply, there must have been [1] a final judgment on the merits in [2] a prior suit involving the same parties or their privities, and [3] a subsequent suit based on the same cause of action." Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 172 (3rd Cir. 2004)(internal quotations omitted). In analyzing the final factor, the Third Circuit has held that "[t]he determination of whether two suits are based on the same cause of action turns on the essential similarity of the underlying events giving rise to the various legal claims." General Electric Company v. Deutz AG, 270 F.3d 144, 158 (3rd Cir. 2001). This analysis requires "an essential similarity of the underlying events giving rise to the various legal claims[,]" with the understanding that "claim

preclusion traditionally has not acted as a bar to the later litigation of a claim by a party who has not actively raised a claim based on the same cause of action in a prior proceeding." Corestates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 200 (3rd Cir. 1999). Furthermore, "the mere existence of overlapping facts and events," standing alone, is "not sufficient" to preclude Plaintiff's claim. See Eastern Minerals & Chemical Co. v. Mahan, 225 F.3d 330, 337 (3rd Cir. 2000)(bankruptcy case).

Evidence of the arbitrary and capricious nature of Defendants' calculation of Plaintiff's mandatory release date under § 4206 "would have been largely immaterial," Corestates Bank, N.A., 176 F.3d at 202, in the prior proceedings related to the application of the Sentencing Reform Act to "old law" prisoners and regarding the parole commission's improper reliance on certain evidence in light of alleged evidence that the government could not establish the identity of the actual shooter. As such, there is not "an essential similarity of the underlying events as required to give rise to claim preclusion." Id. (internal quotations omitted).

Perhaps most importantly for the purposes of the instant motion, "[t]he party seeking to take advantage of claim preclusion has the burden of establishing it." General Electric Company, 270 F.3d at 158. Defendants' mere recital of the words

"claim preclusion" and annexation of three unrelated federal court decisions (discussed above) does not suffice to support its burden.

### III. PLAINTIFF CONCEDES IMPROPER SERVICE; SEEKS LEAVE TO RESERVE

Finally, Defendants argue that Plaintiff's failure to serve the United States Attorney's Office in the Middle District of Pennsylvania and the Attorney General of the United States rendered service of the Complaint incomplete under Fed. R. Civ. P. 4. Defendants ask that the Complaint "be dismissed without prejudice or, in the alternative, the Court should quash service and require Plaintiff to effect proper service of his complaint upon the United States." (Def. Mem. at 7).

Plaintiff concedes that service was improper and apologizes to the Court and counsel for this oversight.

Plaintiff seeks leave of the Court, pursuant to Fed. R. Civ. P. 4(m), to extend the time for service for an additional twenty (20) days, allowing Plaintiff to complete service in accordance with the Federal Rules of Civil Procedure. Without leave, Plaintiff will need to begin this process anew, necessitating additional and unnecessary judicial resources.

WHEREFORE, Plaintiff asks this Court to deny Defendants' motion to dismiss in its entirety and to grant leave allowing for proper service of the Complaint.

Dated:    New York, New York
          August 28, 2007

_____
RONALD L. KUBY [NY1911874][4]
DAVID PRESSMAN [NY4291548]
Law Office of Ronald L. Kuby
119 W. 23rd Street, Suite 900
New York, New York 10011
(212) 529-0223 (t)
(212) 529-0644 (f)
dpressman@kubylaw.com
ron@kubylaw.com

---

[4] Ronald L. Kuby and David Pressman are admitted *pro hac vice* in the Middle District of Pennsylvania, pursuant to Local Rule 83.8.2.1.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
------------------------------------------------------------- x
LEONARD PELTIER,

           Plaintiff

    -against-

UNITED STATES BUREAU OF PRISONS;
UNITED STATES PAROLE COMMISSION,

           Defendants.

-------------------------------------------------------------x

)  3: 07-CV-0416

)  (Kosik, J.)

)  (Blewitt, M.J.)

)  ECF CASE

)

)

## CERTIFICATE OF SERVICE BY MAIL

RONALD L. KUBY, an attorney duly admitted to practice before the courts of the State of New York, and admitted *pro hac vice* in the above-captioned matter, hereby affirms under the pains and penalties of perjury that on August 28, 2007, he caused to be served a true copy of Brief in Opposition to Defendants' Motion to Dismiss and Proposed Order upon AUSA Jennifer J. Clark, United States Attorney's Office, 235 North Washington Ave., P.O. Box 309, Scranton, PA 18501-0309 by pre-paid, first class United States mail.

Dated:    New York, New York
            August 28, 2007

                                                      RONALD L. KUBY